Veronica THOMAS Appellant,

v.

Elaine CHAO, Secretary
of Labor Appellee.

No. 02–5171.

United States Court of Appeals,
District of Columbia Circuit.

May 19, 2003.

Rehearing and Rehearing En Banc
Denied July 22, 2003.

Before: EDWARDS, SENTELLE, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

*ORDERED AND ADJUDGED* that the judgment of the District Court be affirmed for the reasons set forth in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

Appellant Veronica Thomas, an employee of the Occupational Safety and Health Administration ("OSHA") in the Department of Labor, sued the Secretary of Labor for employment discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16. The District Court granted partial summary judgment for the Secretary of Labor on one count, and a jury rendered a verdict in favor of appellee on the remaining counts. Thomas appeals the District Court's partial summary judgment decision, in addition to various rulings at trial. We reject all of appellant's claims.

■ Appellant challenged a District Court jury instruction at the close of trial. The disputed instruction stated that "proof of discriminatory intent is critical. Discrimination is intentional if it is done voluntarily, deliberately and willfully." Trial Transcript ("Tr."), *reprinted in* Joint Appendix ("JA") 490–91. Appellant argues that this instruction is cause for reversal. In particular, appellant contends that the contested instruction "led the jury to believe that Ms. Thomas had the burden of presenting evidence that race, sex, or reprisal was a conscious factor in the selection decision," Appellant's Br. 15, and that this burden is contrary to the court's holding in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

*Reeves* lays out the legal framework for assessing claims of employment discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973): Where the plaintiff first establishes the elements of a prima facie case, the burden shifts to the defendant to articulate a nondiscriminatory reason for the decision at issue. Once the defendant meets this burden of production, "the trier of fact may still consider the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom ... on the issue of whether the defendant's explanation is pretextual." *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097 (citation omitted). Appellant suggests that the disputed instruction is not faithful to this legal framework.

Contrary to appellant's contention, we find that the District Court's jury instruction is not contrary to law. The instruction that "intentional" means "voluntary, deliberately, and willfully" is not inconsistent with *Reeves*, under which plaintiff has "[t]he ultimate burden of persuading the trier of fact that the defendant intentional-

ly discriminated." *Id.* (citation and internal quotation marks omitted). While the framework of shifting burdens and permissible inferences laid out in *Reeves* is more complex than suggested by the contested jury instruction, the definition of "intentional" embraced by the disputed instruction is not at odds with *Reeves*. To the extent that appellant asserts that the instruction is contrary to *Reeves* as a matter of law, appellant is wrong.

During oral argument in this case, counsel for both appellant and the Government were asked whether the disputed jury instruction was an *incomplete* statement of the law. Counsel agreed that it was less than complete. However, it is not clear that appellant made this particular objection to the District Court. In objecting to the jury instruction that "proof of discriminatory intent is critical," appellant cited *Reeves*, and perhaps that constituted an attempt to object on the ground that the instruction as given was an incomplete statement of the law. *See* Tr., JA 494. But appellant did not specifically explain to the District Court that she was asking for an amplification of the instruction and a fuller statement of framework laid out in *Reeves*. Rather, she appears to have cited *Reeves* to argue that "proof of intent" is not required. *Id.* That is a different objection.

In any event, it is clear that, in the instant appeal, appellant has not actually raised the argument that the jury instruction was *incomplete*. Appellant's briefs suggest only that the instruction actually given was wrong as a matter of law, because it is contrary to *Reeves*. Therefore, we do not consider the argument that the jury instruction was an incomplete statement of the law. We affirm the District Court's jury instruction because it was not erroneous as a matter of law.

■ Appellant also challenges the District Court's decision to allow eight jurors to deliberate even though the Pretrial Order stated that "[a] jury of 6 will suffice." Pretrial Order, JA 172. FED. R. CIV. P. 48 provides that the "court shall seat a jury of not fewer than six and not more than twelve members and all jurors shall participate in the verdict unless excused from service by the court." The Rule does not distinguish between jurors and alternates. In any event, appellant waived any objection to the District Court's decision to allow the two alternates to deliberate. Because the Pretrial Order merely made a recommendation and did not resolve the issue of the exact size of the jury, the District Court resolved the issue prior to trial on March 19, 2002, stating that it intended to empanel a jury of six with two alternates, and that the two alternates would probably participate in deliberations. *See* Tr., JA 185. Appellant never objected. Therefore appellant's challenge to the jury size is waived.

■ Appellant further challenges the District Court's grant of summary judgment for appellee on Count III of appellant's amended complaint, which alleged that appellee retaliated against appellant for filing her discrimination complaint by lowering her performance appraisals. To establish retaliation, plaintiff must show, *inter alia*, that the employer took an adverse personnel action. *See Forman v. Small*, 271 F.3d 285, 299 (D.C.Cir.2001). Because each of the performance appraisals at issue was raised after appellant complained to OSHA officials, and her bonuses were adjusted accordingly, appellant did not suffer any material consequences from the initial lower performance appraisals. Therefore, appellant did not suffer an adverse personnel action. *See Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C.Cir.2002) (citing *Brown v. Brody*, 199 F.3d 446, 457

(D.C.Cir.1999)). In the absence of an adverse personnel action, appellant cannot prevail in her retaliation claim. We therefore affirm the District Court's grant of summary judgment for appellee.

Finally, appellant challenges three of the District Court's evidentiary rulings. We find that the District Court did not abuse its discretion with regard to any of the challenged evidentiary rulings. The District Court was correct to exclude from evidence the list of employees identified by race and sex, and witness' observations about the race and sex of employees, in the absence of an expert who could testify that the alleged underrepresentation was statistically significant. Similarly, exclusion of appellant's testimony on the effects of stress on her medical condition, in the absence of expert medical testimony to establish causation, was proper. We therefore affirm the challenged evidentiary rulings of the District Court.